MOORE & ROY

v.

C. T. & H. A. WILDER.

CALEDONIA COUNTY, MAY TERM, 1893.

BEFORE :    TAFT, ROWELL, MUNSON AND START, JJ.

*Construction of deed.    Reservation of water power.*
*Special master.*

1.    The orators conveyed to the defendants all the water power
in the Passumpsic River, "except sufficient to operate the
mills on the east side of said river, which is limited to one
hundred horse power to be determined by the James
Leffel & Co. Wheel Book, reckonings to be made from
top of dam to the lowest practical point the wheel can be
set."    The question being upon the construction of this
exception, *held:*

(*a.*)  The quantity reserved was not sufficient for one hundred
horse power, but sufficient to operate the mills on the east
side of the river, which might be less than but could in no
case exceed one hundred horse power.

(*b.*)  It appearing that James Leffel & Co. had issued two wheel
books, one in 1873 and one in 1881, and that the deed in
question was dated May 6, 1881, the rights of the parties
would be determined by the book which they had in mind
in making the deed, or if they had none in mind, by the
book which Leffel & Co. were then using, and the master
should have received testimony upon, and found these
facts, instead of arbitrarily computing by either book.

(*c.*)  In determining the "lowest practical point the wheel can be
set," the master properly considered the location of the

3

wheels as they were at the time of the deed and at the time of the trial, the character of the business and the expense and benefit to be derived from a change.

2. If a special master neglects to find a material fact, which ought to have been found by him, the supreme court will not find such fact, although the evidence is referred to by the report, provided upon the evidence it is fairly doubtful, but will remand the case for further proceedings.

Bill to settle the rights of the parties in a certain water power, and for an accounting for damages sustained by the orators in respect thereto. Heard at the June term, 1892, upon the pleadings and the report of a special master and exceptions thereto. Ross, chancellor, "to have the reservation in the deed construed, and the character of the damages recoverable determined before further hearing," dismissed the bill. The orators appeal.

*Smith & Sloane* for the orators.

The orators had the right under the reservation in their deed to use sufficient water to run their mills, provided that amount did not exceed the one hundred horse power limit; and they might run their mills as they were at the date of the deed. They were under no obligation to lower their wheel pits for the benefit of the defendants. *Rood et al.* v. *Johnson,* 26 Vt. 73 ; *Millers* v. *Lapham et al.,* 44 Vt. 416, 435.

It is immaterial which wheel book was used by the master, for by neither of them have the orators exceeded their limit. *Adams et el.* v. *Warner et al.,* 23 Vt. 395.

*J. J. Wilson* for the defendants.

The master improperly used the 1881 edition of Leffel's wheel book, after having failed to find that it was in existence when the deed was executed.

TAFT, J.   The issues presented in this case require the construction of a deed under which the defendants claim title.   The orators conveyed to one J. G. Moore certain premises in Barnet on the westerly side of the Passumpsic river, with all the water power of said river, "except sufficient to operate the mills on the east side of said river, which is limited to one hundred horse power to be determined by the James Leffel & Co. Wheel Book, reckonings to be made from top of dam to the lowest practical point that the wheel can be set."   About one year after such conveyance James G. Moore conveyed the same premises with the same exception to the defendants.   It is the clause above cited that the court are called upon to examine and construe.

I.   The first question is how much water is excepted from the water power of the river?   The words are "except sufficient to operate the mills on the east side of the river, which is limited to one hundred horse power."   This language is plain, is not ambiguous, is not susceptible of two constructions; the words are, " sufficient to operate the mills, limited to one hundred horse power," that is, not exceeding that amount.   If fifty horse power is sufficent to operate the mills that is all that is reserved.   The orators can use no more than sufficient for that purpose, limited to one hundred horse power, restricted to that amount, confined within the limits of that quantity.   If fifty horse power is sufficient, of what use to the orators is another fifty horse power which must run to waste?

II.   The next question is as to the construction of the clause which reads that the power is "to be determined by the James Leffel & Co. Wheel Book."   There were in evidence before the master two of the James Leffel & Co. Wheel Books, one of the date of 1873 and the other of the date 1881 ; at what time in 1881 the latter was issued is not shown by the report.   It may have been prior to the date of the deed, May 6, and it may have been later.   If, at the date of the deed,

the book of 1881 was not in existence, or if in existence, the parties were ignorant of it, it is clear it could not have been in the minds of the parties in making their contract, unless knowing of its proposed issue, they had reference to it, as books are sometimes advertised, as "in press" and they contracted with reference to it.   It is not probable from the evidence that "Ex. F" was published at the date of the deed, May 6, 1881, for it bears the imprint of an Ohio press and contains a letter dated at Coban, Guatemala, April 10, 1881. It is possible that the book may have been published and the parties have had it when the deed was executed.   We cannot determine it from the evidence, although it is referred to, as it is a question for the master and not the court.   The wheel book which must determine the rights of the parties under the deed is the one which the parties had in mind when they entered into the contract, and if they had none in mind, then the wheel book which James Leffel & Co. were using at the time of the contract.   These facts must be determined by the master.   It appears that he used the book of 1881, but arbitrarily and without reference to the rules above stated, which we think should govern the rights of the parties in respect to which book should be used. The defendants' exception in this respect was well taken.

III.   The third point is in regard to the clause in the deed as to determining the quantity of water excepted, one hundred horse power. "reckonings to be made from the top of dam to the lowest practical point the wheel can be set."   In construing the word "practical," the Master took into consideration the location and situation of the wheels as they are now and were at the date of the deed and of the lease, the character of the business and expense, and the benefit to be derived from such change.

We think the first part of this citation from the Master's report, taking "into consideration the location and situation of the wheels," implies that he considered them with refer-

ence to the bed and banks of the river and we think the Master was correct in considering the elements stated by him in determining what was meant by the word "practical" in the contract, for such are the considerations that ought to govern a prudent man in determining what would be practical in locating and setting a wheel, *i. e.*, what would be practicable, reasonable, feasible.

The construction that we give to the contract as above stated will require a further reference to the Master to determine the real matters in controversy between the parties, and as the Master may have erred in using the Wheeel Book of 1881, such error, if any, would permeate all his findings in regard to the amount of water which the orators had a right to use and which they actually did use. For this reason the question of damages is not considered.

The case was brought to this court "to have the reservation construed" and as the construction we give the deed requires further proceedings in the court of chancery

*The decree is reversed and cause remanded.*